IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN EDWARD PALM,** *et al.,* | : | |
| Plaintiffs, | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 18-4173** |
| | : | |
| **RASHEED BELL,** *et al.,* | : | |
| Defendants. | : | |

## ORDER

**AND NOW,** this 1ST day of October 2018, upon considering John Edward Palm's Motion to proceed *in forma pauperis* (ECF Doc. No. 1) and the Complaint he filed on behalf of himself <u>and</u> his business, Computer Nerds Inc. (ECF Doc. No. 2), it is **ORDERED**:

1.   We **deny** Mr. Palm's Motion to proceed *in forma pauperis* on his own behalf (ECF Doc. No. 1) is **DENIED without prejudice** as we require more information to understand Mr. Palm's financial circumstances.[1]

---

[1] We must assess Mr. Palm's financial status in finding whether he is eligible to proceed in *forma pauperis*. *See Deutsch v. United States*, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995). "When exercising its discretion to approve or deny a motion to proceed IFP, a District Court 'must be rigorous . . . to ensure that the treasury is not unduly imposed upon.'" *In re Mock*, 252 F. App'x 522, 523 (3d Cir. 2007) (per curiam) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) (alteration in original)). We should seek additional information about a plaintiff's financial status when questions are raised by his *in forma pauperis* application. *Assaad-Faltas v. Univ. of S.C.*, 971 F. Supp. 985, 987 (D.S.C. 1997) ("'[T]he Court may inquire into [a plaintiff's] allegations and demand more specific information if necessary for a proper assessment of the movant's financial status.'" (quoting *Monti v. McKeon*, 600 F. Supp. 112, 113 (D. Conn. 1984))).

Mr. Palm is unclear as to his income and expenses. He indicates $194 monthly in public assistance and does not list any income from employment on the first page of the form, but he also swears on the second page of the form of receiving $5,500 monthly from Computer Nerds, a company he has owned for the past ten years. Mr. Palm also swears receiving "accident compensation" for 2015 injuries but he has not disclosed those funds on his application so the amount of money. (ECF Doc. No. 1 at 5.) His expenses are also confusing. He lists $2,092 in

2.     The Clerk of Court shall **SEND** Mr. Palm an appropriate non-prisoner application to proceed *in forma pauperis*, bearing the civil action number of this case.

3.     To proceed and avoid dismissal of his individual claims, Mr. Palm may on or before **November 1, 2018**: move to proceed *in forma pauperis* with the provided form in a manner that clarifies our concerns; or, pay $400 to the Clerk of Court.

4.     Computer Nerds Inc. is not entitled to proceed *in forma pauperis* and, if Mr. Palm wishes to include its claims, Computer Nerds Inc. must pay $400 even if Mr. Palm is granted *in forma pauperis* status.[2] Computer Nerds Inc. must also retain counsel to proceed as a party to this case, as Mr. Palm, not licensed as a member of the Bar of this Court, may not represent Computer Nerds, Inc. in this Court.[3]

5.     If it wishes to proceed, Computer Nerds Inc. shall have until **November 1, 2018** to pay the $400 filing fee and have counsel enter an appearance on its behalf. If Computer Nerds Inc. does not pay the $400 in fees to commence this case and retain counsel within that time frame, we may dismiss Computer Nerds Inc. without prejudice.

---

monthly expenses, plus an additional $100 in transportation for a spouse (although no income or other expenses are listed for a spouse), as well as $250,000 for life insurance, and $13,500 in "alimony, maintenance, and support paid to others." *Id.* at 4. It is not clear how he is paying those expenses. Mr. Palm also swears to $5,000 in monthly expenses for "regular expenses for operation of business, profession, or farm" but he did not attach a detailed statement describing those expenses as required by the form application. *Id.* at 5. We lack an understanding of his financial circumstances and require further clarification regarding the entirety of his monthly expenses, any funds he has access to, and the details of his business income and expenses.

[2] *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-04 (1993).

[3] *See id.* at 201-02; *Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012) (per curiam).

6. We require only one payment of the $400 fee. If Computer Nerds Inc. pays the $400 in fees and counsel enters an appearance on its behalf, Mr. Palm <u>need not</u> also pay the $400 in fees or seek leave to proceed *in forma pauperis*.

7. We may dismiss this case without prejudice if the parties do not timely comply with this Order.

KEARNEY, J.